UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-14015-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KENNETH JAMAL DEVEAUX,

    Defendant.
_____/



FILED by ___ D.C.

AUG - 1 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

**REPORT AND RECOMMENDATION ON DEFENDANT'S
ADMISSIONS TO VIOLATIONS NUMBERS 1 AND 2 AS SET FORTH
IN THE PETITION FOR VIOLATIONS OF SUPERVISED RELEASE**

**THIS CAUSE** having come on to be heard for a preliminary and final evidentiary hearing on August 1, 2014, in respect to the pending Petition Alleging Violations of Supervised Release and this Court having conducted a hearing, this Court recommends to the District Court as follows:

1. The Defendant appeared before this Court on August 1, 2014, for a preliminary and final hearing in respect to a Petition Alleging Violations of Supervised Release alleging the following violations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about July 28, 2011, in Highlands County, Florida, the defendant committed the offense of possession of a weapon or ammo by a convicted felon, contrary to Florida Statute 790.23(1)a. |
| **Violation Number 2** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about July 28, 2011, in Highlands County, Florida, the defendant committed the offense of possession of cocaine with intent to sell/manufacture/or deliver, contrary to Florida Statute 893.13(1)(a)1. |

1

**Violation Number 3**  **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about July 28, 2011, in Highlands County, Florida, the defendant committed the offense of homicide, accessory after the fact, contrary to Florida Statute 782.04(2).

2. After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violations Numbers 1 and 2 as set forth in the Petition. The government announced that it agreed to dismiss Violation Number 3 of the Petition. This Court questioned the Defendant on the record and made certain that he understood his rights in regards to an evidentiary hearing in respect to the alleged violations. Further, the Defendant acknowledged that he understood his rights in that regard and further understands that all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

3. The possible maximum penalties which the Defendant was facing were read into the record by the government and the Defendant stated that he understood those penalties.

**ACCORDINGLY**, based upon the Defendant's admissions to Violations Numbers 1 and 2 of the Petition under oath, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violations Numbers 1 and 2 as set forth in the Petition and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules

of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this \_\_\_\_\_ day of August, 2014, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
AUSA Theodore M. Cooperstein
AFPD Panayotta Augustin-Birch
U. S. Probation
U. S. Marshal